## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**MARY DORING**

       Plaintiff,

v.

**DUANE HARTSHORN, M.D.**
**APYX MEDICAL CORPORATION**

       Defendants.

---

### DEFENDANT APYX MEDICAL CORPORATIONS NOTICE OF REMOVAL

---

Defendant Apyx Medical Corporation, hereby gives notice of removal of this civil action pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, from the District Court for Mesa County, State of Colorado, to the United States District Court for the District of Colorado. This notice is being filed by counsel for Defendant Apyx Medical Corporation, Defendant Duane Hartshorn, M.D. has consented to the removal of this action to the United States District Court for the District of Colorado.

### I. INTRODUCTION

1. Plaintiff Mary Doring filed this civil case on or about December 10, 2019 (the "State Court action") in Mesa County District Court, Colorado, bearing the caption *Mary Doring v. Duane Hartshorn, M.D., and Apyx Medical Corporation*, Case No. 2019CV030508. Plaintiff alleges that she suffered injuries as a result of a medical procedure performed by Duane Hartshorn, M.D. in Grand Junction, Colorado, utilizing a medical device designed and sold by Apyx Medical

Corporation *See* District Court Civil Summons, Complaint, and State Court docket attached hereto as Exhibit A.

2. Plaintiff's deposition was held on October 14, 2020, and it was learned that Plaintiff has moved out-of-state to Arizona, thus creating diversity. The U.S. District Court for the District of Colorado now has jurisdiction under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §1446(b)Th in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and papers or exhibits filed in the State Court of Mesa County, Colorado, of which Defendant Apyx Medical is aware, are filled concurrently herewith with Defendant's Notice of Filing State Court Documents to the Notice of Removal.

4. Venue is proper in this district under 28 U.S.C. § 1446(a), because this district embraces the location in which the removed action is pending.

5. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff, and a copy will be filed promptly with the District Court Clerk for the County of Mesa, Colorado pursuant to 28 U.S.C. § 1446(d).

## II. Argument

### A. *Diversity of the Parties*

6. Plaintiff alleges in her Complaint that she is a citizen of Colorado. [Ex. A, Complaint ¶ 1]. However, it was learned in her deposition that she is now a resident of Arizona. [Ex. B, Plaintiff deposition at 14].

7. Defendant Apyx Medical Corporation is a Florida corporation with its principal place of business in Clearwater, Florida. [Ex. A, Complaint ¶ 3].

8. Defendant Duane Hartshorn, M.D. is a citizen of Colorado. [Ex. A, Complaint ¶ 2].

9. Pursuant to 28 U.S.C. § 1332(c)(1), all Defendants to this matter are citizens of different states.

10. Based on the Plaintiff changing her residence to Arizona, neither the Plaintiff nor any of the named Defendants are citizens of the same state. Accordingly, there is complete diversity between the parties pursuant to U.S.C. § 1332.

## B. *Amount in Controversy Exceeds Jurisdictional Threshold*

11. A Federal Court has diversity jurisdiction when there is a diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332; *see also, Stuart v. Colorado Interstate Gas Co*., 271 F.3d 1221 (10th Cir. 2001).

12. In the instant case, Plaintiff alleges permanent injury, dysfunction, physical impairment and disfigurement of her face; pain and suffering, inconvenience, emotional distress, and mental anguish. While Defendants contest these allegations, the value to the Plaintiff of the extensive harms, losses and damages she alleges is well in excess of the $75,000.00 jurisdictional threshold. *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (the Tenth Circuit determines the amount in controversy by determining the value to the Plaintiff of its claims).

### III. CONCLUSION

WHEREFORE, based on the foregoing, Defendants hereby remove the State Court action pending as Case Number 2019CV030508, in the District Court for the County of Mesa, Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 16th day of November, 2020.

GODFREY | JOHNSON, P.C.

/s/ Ryan L. Greely
Ryan L. Greely
Brett M. Godfrey
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email:  greely@gojolaw.com
             godfrey@gojolaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2020, I have served the foregoing upon the parties hereto via Colorado Courts E-Filing, this 16th day of November, 2020.

/s/ Ryan L. Greely
Ryan L. Greely
Brett M. Godfrey
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email:  greely@gojolaw.com
             godfrey@gojolaw.com
